**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARCUS LAWRENCE HUFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-2336-TC-ADM |
| | ) | |
| CITY OF OTTAWA, KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This matter comes before the court on plaintiff Marcus Lawrence Huffman's Motion for Appointment of Counsel.  (ECF 11.)  On June 8, 2026, Huffman filed a civil-rights complaint alleging defendants' involvement in "a coordinated, multi-year municipal campaign of First Amendment retaliation, Fourth Amendment evidence fabrication, abuse of federal law enforcement databases, witness manipulation, and the intentional denial of police services to a permanently disabled citizen."  (ECF 1, at 1.)  The court granted Huffman leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF 8.)  For the reasons discussed below, the court denies Huffman's request for appointment of counsel without prejudice to be renewed if and when Huffman's claims survive summary judgment and are prepared to proceed to trial.

In civil actions such as this one, there is no constitutional right to appointed counsel.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis."  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam).  In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the]

claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court also considers whether the party has made a diligent effort to retain an attorney. *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

The court does not find it appropriate to appoint counsel for Huffman at this time. Although it is clear that Huffman made a diligent effort to retain an attorney, other factors weigh against appointment of counsel. First, the factual and legal issues in this case do not appear to be novel or complex, and Huffman has set them out clearly in his complaint. *See McLain v. Sedgwick Co. Sheriff's Off.*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2 (D. Kan. June 17, 2025) (finding civil-rights complaint raising violations of constitutional and statutory rights, brought against multiple government entities, not more complicated than other cases brought by plaintiffs representing themselves in federal courts).

Second, Huffman's pleadings are well-articulated and demonstrate that Huffman is able to investigate the facts and adequately present his claims to the court. Huffman has already obtained a 680-page Kansas Open Records Act production, and he cites to produced documents throughout

his complaint. Huffman states that he has a recognized disability related to spinal damage, the symptoms of which "are constant, affect every aspect of daily life, and render Plaintiff periodically incapable of engaging with digital interfaces or synthesizing dense procedural rules." (ECF 11, at 5.) Despite this representation however, Huffman's well-reasoned, organized, and thorough filings suggest that he will be able to present his case without the aid of counsel. *See Ingram v. Werholz*, No. 21-1170, 2022 WL 2317849, at *2 (10th Cir. June 28, 2022) (upholding denial of counsel to plaintiff claiming severe physical and cognitive impairments where magistrate judge found the impairments outweighed by other factors); *McLain,* 2025 WL 1696525, at *3 (denying appointment of counsel despite plaintiffs allegations of a disability that substantially impaired "major life activities").

Finally, although Huffman's claims have survived initial screening for frivolousness, the undersigned cannot say they are more or less meritorious than other pro se claims that also survive screening.

The court recognizes that Huffman believes he has meritorious claims and that an attorney would help him navigate discovery and legal research. "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [Huffman] from the many other untrained individuals who represent themselves pro se on various types of claims in courts throughout the United States on any given day." *Id.* Many of these litigants are incarcerated and thereby may face higher burdens in prosecuting their cases than Huffman, despite Huffman's geographic distance (Mexico) from the courthouse. And regardless of the fact that Huffman lives in Mexico, he chose to file this case in this judicial district, so those logistics result from his own choices.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel.  Huffman's motion for appointment of counsel therefore is denied. However, the court will deny the motion without prejudice to it being renewed if Huffman's claims survive summary judgment and proceed to trial.  The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses.  "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision— for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson v. Park Place Condominiums Ass'n, Inc.,* No. 13-2626-CM, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014).  Huffman therefore may renew his motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that Huffman's Motion to Appoint Counsel (ECF 11) is denied without prejudice.

Dated June 25, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge